UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN ALLIANCE FOR EQUAL RIGHTS and
KEVIN LYNCH,
Plaintiffs,

v.

MAESTRA MUSIC, INC.;
ARTS IGNITE INC. d/b/a MUSICIANS UNITED
FOR SOCIAL EQUITY (MUSE); and
WICKED LLC,
Defendants.

Case No. 1:26-cv-04645



RECEIVED
JUN 29 2026
PRO SE OFFICE

---

## MOTION OF BRANDON MICHAEL HAYES FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE
## IN SUPPORT OF INDIVIDUAL CIVIL RIGHTS, OPERATIVE DISCRIMINATION, AND CONSTITUTIONAL CLARITY

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Brandon Michael Hayes, appearing pro se and as President of the Natural Law Institute, respectfully moves for leave to file the attached brief as amicus curiae.

This case presents a question of public consequence extending beyond the immediate parties: whether civil-rights protections attach to individual legal persons equally, or whether they may be administered through favored and disfavored status categories.

Amicus does not seek to enlarge the pleadings, introduce evidence, delay proceedings, disturb the parties' presentation, or assert party rights. Amicus seeks only to assist the Court by offering a narrow structural framework for distinguishing internal classification from legally operative exclusion.

The proposed brief addresses a foundational distinction implicated by the Complaint: classification is not itself the constitutional injury; operative deprivation is. Private actors may internally organize information, associations, and professional networks. But when race, sex, or other immutable status becomes a condition of access to contracts, employment, referrals,

1

internships, professional directories, public accommodations, or civil-rights remedies, the law must treat that condition as justiciable discrimination.

The proposed brief further addresses the civil-rights structure beneath the statutory claims. Civil-rights statutes protect persons rather than preferred groups. A regime that protects some races or sexes against exclusion while permitting exclusion of others ceases to function as equal civil rights and becomes a system of status administration.

Amicus has previously raised related concerns in federal filings in the District of Massachusetts, including filings challenging the administration of civil-rights remedies where race appears to determine access to the forum rather than conduct determining legal consequence. Those filings are referenced only to identify amicus's institutional interest and prior work on the same constitutional structure. They are not offered to alter the facts, claims, or relief sought in this case.

The proposed amicus brief is short, self-contained, and directed to decisional clarity. It may assist the Court in resolving the statutory claims without converting this matter into a general referendum on private cognition, private association, or internal market classification. The useful rule is narrower: civil-rights law attaches when classification becomes operative exclusion.

For these reasons, movant respectfully requests leave to file the attached brief of amicus curiae.

Respectfully submitted,

/s/ Brandon Michael Hayes
Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049

Dated: June 23, 2026

2