UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN ALLIANCE FOR EQUAL RIGHTS and
KEVIN LYNCH,

Plaintiffs,

v.

MAESTRA MUSIC, INC.;
ARTS IGNITE INC. d/b/a MUSICIANS UNITED
FOR SOCIAL EQUITY (MUSE); and
WICKED LLC,

Defendants.

Case No. 1:26-cv-04645



---

**[PROPOSED] BRIEF OF AMICUS CURIAE BRANDON MICHAEL HAYES
IN SUPPORT OF NEITHER PARTY, BUT IN SUPPORT OF INDIVIDUAL CIVIL
RIGHTS, OPERATIVE DISCRIMINATION, AND CONSTITUTIONAL CLARITY**

**INTEREST OF AMICUS**

Brandon Michael Hayes appears pro se and is President of the Natural Law Institute. Amicus studies lawful settlement, civil-rights architecture, equal protection, institutional classification, private-market ordering, and the distinction between classification and operative deprivation.

Amicus submits this brief because the Complaint presents a narrow statutory dispute resting upon a broader constitutional question: whether civil-rights protections attach equally to individual legal persons, or whether civil-rights law may be administered as a system of preferred and disfavored status categories.

Amicus does not seek to enlarge the pleadings, introduce evidence, delay proceedings, disturb party presentation, or assert party rights. Amicus offers a structural framework that may assist the Court in resolving this case without intruding into private cognition, private association, or internal institutional taxonomy.

---

1

**SUMMARY OF ARGUMENT**

This case presents a foundational civil-rights distinction: classification is not the injury; operative exclusion is.

Every institution classifies. Families classify. Churches classify. Businesses classify. Employers classify. Governments classify. Markets classify continuously. The law does not and should not attempt to abolish cognition, association, observation, or internal organization.

Civil-rights law attaches when classification becomes legally operative. When race, sex, or other immutable status becomes a condition of access to contract, employment, referral, internship, public accommodation, professional opportunity, or legal remedy, the classification has crossed from private organization into actionable deprivation.

The Court can decide this case through that narrow rule. It need not hold that private actors may never know, record, observe, discuss, or internally classify race or sex. It need only hold that immutable-status criteria may not be used as gates to civil rights, contract rights, employment pathways, or public-facing opportunity.

The necessary compression is simple:

Internal classification alone is not the civil-rights injury.
Operative exclusion from opportunity is.

---

**ARGUMENT**

**I. CIVIL-RIGHTS LAW PROTECTS PERSONS, NOT STATUS ADMINISTRATION**

The Civil Rights Acts were enacted to secure equal legal standing. Their enduring constitutional force depends upon their application to persons as persons.

A civil-rights regime that protects some races or sexes from exclusion while permitting exclusion of others does not operate as equal protection. It operates as status administration.

That distinction matters. The question in adjudication is whether the claimant before the Court was denied equal legal standing by operation of race, sex, or comparable status.

Civil-rights statutes remain constitutional and administrable when they are applied symmetrically to individuals. They become unstable when treated as one-way instruments conferring protection according to preferred category membership.

This Court need only preserve the central legal principle: civil rights belong to persons.

## II. CLASSIFICATION IS COGNITION; DISCRIMINATION IS OPERATIVE ACTION; DEPRIVATION IS THE LEGAL INJURY

The law should distinguish three concepts that are often collapsed:

- Classification is cognition.
- Discrimination is operative action.
- Deprivation is the legal injury.

Classification may be innocent, descriptive, administrative, expressive, associational, or preparatory. Institutions classify by skill, geography, experience, availability, identity, affinity, language, training, reputation, and countless other variables.

The constitutional and statutory concern arises when classification becomes operative in allocating legal or practical opportunity.

An internal directory may contain information. A professional network may organize its members. A private entity may study its own market. But once race or sex becomes a condition of admission, referral, contract eligibility, employment access, internship participation, public accommodation, or legal remedy, the classification has become a gate.

At that point, the law has work to do.

## III. THE CORE WRONG IS HIDDEN OR OPERATIVE GATEKEEPING, NOT INTERNAL MARKET KNOWLEDGE

The law should be careful not to overcorrect. A rule that forbids all internal classification would reach too deeply into private-market function, private association, and institutional knowledge.

The stronger rule is narrower and more durable: immutable-status criteria may not be used as operative gatekeeping conditions for legally protected opportunity.

That rule identifies the actionable defect without requiring courts to supervise private thought or internal taxonomy. It also prevents evasion. A defendant cannot avoid civil-rights scrutiny by placing the status filter one step upstream, then claiming the final opportunity was formally neutral.

If membership in a directory is required for an employment opportunity, and directory membership is conditioned on race or sex, the race or sex condition is operative. The gate has merely been moved upstream.

Civil-rights law must follow function rather than label.

---

## IV. EQUAL CIVIL RIGHTS CANNOT DEPEND UPON THE RACE OR SEX OF THE CLAIMANT

The same rule must govern every person.

If a white male may be excluded from a professional opportunity because he is white or male, then civil-rights law is no longer operating as a guarantee of equal legal standing. It is operating as a permission structure for favored discrimination.

The same is true in judicial administration. In related federal filings in the District of Massachusetts, amicus has preserved the concern that civil-rights remedies can be misadministered when race is treated as determining access to the forum rather than conduct determining legal consequence. Those filings argued that a construction of civil-rights removal that treats white litigants as categorically outside civil-rights protection transforms equal protection into group protection.

That issue is referenced because the same structural defect appears wherever civil-rights law is treated as group-specific rather than person-specific.

Civil-rights law cannot coherently say: some persons are protected from racial exclusion, while others may be racially excluded. The Constitution cannot sustain that asymmetry indefinitely.

---

## V. THE COURT SHOULD PRESERVE A RULE CAPABLE OF LAWFUL REUSE

The Court can resolve this case through a rule capable of repetition beyond these parties:

Where race, sex, or other immutable status is used as a legally operative condition of access to contract, employment, referral, internship, professional directory listing, public accommodation, or civil-rights remedy, the criterion must be treated as justiciable discrimination.

That rule preserves private space while protecting public-facing legal opportunity.

It does not prohibit private actors from possessing demographic information. It does not ban voluntary association. It does not require courts to police every internal database, conversation, or organizational preference.

It does require that when status classifications become gates to legally protected opportunity, they be subject to equal civil-rights scrutiny under one rule for every person.

4

## VI. PROPOSED RULE

Amicus respectfully offers the following proposed rule:

*Civil-rights law does not prohibit private cognition, association, or internal classification as such. It prohibits legally operative exclusion, preference, penalty, or deprivation from contracts, employment, referrals, internships, professional opportunities, public accommodations, governmental remedies, or equal legal protection based on race, sex, or comparable immutable status.*

Internal classification alone is not the injury. Operative deprivation is.

## CONCLUSION

This case gives the Court an opportunity to clarify the civil-rights settlement without exceeding the pleadings or displacing the parties.

The rule need not be broad to be foundational.

Civil rights belong to persons. Classification becomes legally actionable when it becomes operative exclusion. Equal protection remains equal only when the same rule governs every citizen.

Respectfully submitted,

/s/ Brandon Michael Hayes
Brandon Michael Hayes
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
brandon@hayeshaus.com
(617) 438-2049

Dated:June 23, 2026

5