UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

AMERICAN ALLIANCE FOR EQUAL
RIGHTS and KEVIN LYNCH,

               Plaintiffs,

        - against -

MAESTRA MUSIC, INC.; ARTS IGNITE INC.
d/b/a MUSICIANS UNITED FOR SOCIAL
EQUITY (MUSE); and WICKED LLC,

               Defendants.

------------------------------------------------------------

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 26 Civ. 4645 (DLC)

 

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT MAESTRA MUSIC, INC.'s MOTION TO DISMISS

 

**DAVIS WRIGHT TREMAINE LLP**
Roy P. Salins
Matteo Taraborrelli
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
roysalins@dwt.com
matteotaraborrelli@dwt.com
(212) 489-8230
Attorneys for Defendant Maestra Music, Inc.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

    A.    The Motion To Dismiss Standard ......................................................................... 3

    B.    Plaintiffs' § 1981 Claims Fail Because The MD Experience Did Not
        Create A Contractual Relationship ....................................................................... 4

    C.    Plaintiffs' Discrimination Claims Under The NYSHRL And NYCHRL
        Must Be Dismissed ............................................................................................... 6

        1.    The MD Experience Does Not Constitute An Employment
            Opportunity Or An Internship ........................................................................ 6

        2.    Maestra Is Not A Joint Employer With Respect To The MD
            Experience ........................................................................................................ 7

        3.    Defendants Are Not A Single Employer With Respect To The MD
            Experience ........................................................................................................ 9

        4.    The MD Experience Advertisement Was Lawful .................................... 10

        5.    Maestra Is Not An Employment Agency .................................................. 11

    D.    Lynch's Discrimination Claims Under The New York Civil Rights Law
        Must Be Dismissed ............................................................................................. 12

CONCLUSION ..................................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Acosta v. City of N.Y*,
    No. 11 Civ. 856, 2012 WL 1506954 (S.D.N.Y. April 26, 2012)................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................3, 4, 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................................9

*Brandenburg v. Greek Orthodox Archdiocese of N. Am.*,
    No. 20 Civ. 3809, 2021 WL 2206486 (S.D.N.Y. June 1, 2021)................................................12

*Britton v. Bronx Parent Hous. Network, Inc.*,
    No. 21 Civ. 7079, 2022 WL 4332735 (S.D.N.Y. Sept. 19, 2022).........................................7, 9

*Chavannes v. Bronx Parent Hous. Network, Inc.*,
    No. 21 Civ. 5060, 2022 WL 4124762 (S.D.N.Y. Sept. 9, 2022)................................................9

*Domino's Pizza, Inc. v. McDonald*,
    546 U.S. 470 (2006)...............................................................................................................4

*Glaser v. Upright Citizens Brigade, LLC*,
    377 F. Supp. 3d 387 (S.D.N.Y. 2019).......................................................................................5

*Gundogdu v. LinkedIn Corp.*,
    No. 23 Civ. 12706, 2024 WL 1597781 (11th Cir. Apr. 12, 2024).........................................12

*Han v. Kuni's Corp.*,
    No 19 Civ. 6265, 2020 WL 2614726 (S.D.N.Y. May 22, 2020)................................................9

*Haynes v. Exec. Chamber for Off. of Governor*,
    No. 23 Civ. 08051, 2025 WL 935100 (S.D.N.Y. Mar. 27, 2025) .........................................7, 9

*Henry v. NYC Health & Hosp. Corp.*,
    18 F. Supp. 3d 396 (S.D.N.Y. 2014).......................................................................................4

*Hollander v. Sears, Roebuck & Co.*,
    450 F. Supp. 496 (D. Conn. 1978).........................................................................................5

*Hughes v. Twenty-First Century Fox, Inc.*,
    304 F. Supp. 3d 429 (S.D.N.Y. 2018).....................................................................................5

*Lee v. Yang*,
No. 21 Civ. 7934, 2023 WL 419193 (S.D.N.Y. Jan. 26, 2023)..................................................5

*McHenry v. Fox News Network, LLC*,
510 F. Supp. 3d 51 ................................................................................................................10

*Padmanabhan v. N.Y Inst. of Tech. Campus*,
No. 18 Civ. 5284, 2019 WL 4572194 (S.D.N.Y. Sept. 20, 2019).........................................12

*Pastor v. P'ship for Children's Rights*,
No. 10 Civ. 5167, 2012 WL 4503415 (E.D.N.Y. Sept. 27, 2013), *aff'd*, 538 F.App'x 119 (2d
Cir. 2013) .................................................................................................................................6

*Perelman v. Fed. Reserve Dist. Bank of N.Y*,
2026 WL 1584729 (S.D.N.Y. June 3, 2026) ...........................................................................4

*Stoner v. Young Concert Artists, Inc.*,
No. 11 Civ. 7279, 2012 WL 4471602 (S.D.N.Y. Sept. 26, 2012).........................................12

*Taylor v. Bronx Parent Hous. Network*,
No. 21 Civ. 4890, 2023 WL 3996620 (S.D.N.Y. June 14, 2023)...........................................10

**State Cases**

*Brankov v. Hazzard*,
142 A.D.3d 445, 36 N.Y.S.3d 133 (1st Dep't 2016) ...........................................................7, 8

**State Statutes**

N.Y. Exec. Law § 292....................................................................................................................11

N.Y. Exec. Law § 296-c(1)..............................................................................................................6

**Regulations**

D.3d at 446, 36 N.Y.S. 3d at 134....................................................................................................8

N.Y.C. Admin. Code § 8-102 ........................................................................................................11

N.Y.C. Admin. Code § 8-107 ..........................................................................................................6

**PRELIMINARY STATEMENT**

Plaintiffs The American Alliance for Equal Rights ("AAER") and Kevin Lynch (together, "Plaintiffs"), would have this Court deem a short-term, essentially unpaid (other than a meager stipend) shadowing engagement to be an employment opportunity. Furthermore, they attempt to stretch reality by claiming that Defendant Maestra Music, Inc. ("Maestra") is a joint employer or an employment referral agency for purposes of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). The Complaint, however, is devoid of allegations supporting either conclusion.

Instead, the Complaint merely describes a three-week program through which an aspiring music director would observe rehearsals and performances of the musical Wicked, study the musical score, and gain exposure to the day-to-day life of a music director, none of which contemplated work on the part of the individual selected for the MD Experience. This distinction is fatal to Plaintiffs' claims against Maestra (as well as against Defendants Arts Ignite Inc. d/b/a Musicians United for Social Equity ("Muse") and Wicked LLC ("Wicked").)

First, Plaintiffs' Section 1981 claims against Maestra fail because Plaintiffs do not plausibly allege that participation in the MD Experience would have created an employment relationship or any other contractual arrangement between Lynch and Maestra. On the contrary, Plaintiffs allege that the MD Experience was nothing more than a three-week shadowing opportunity that provided its participant a modest stipend.

Second, Plaintiffs' NYSHRL and NYCHRL claims against Maestra fail because Plaintiffs do not plausibly allege that Maestra is a joint employer or a single employer as a matter of law. Although Plaintiffs repeatedly mischaracterize the MD Experience as a "job" and Maestra as a joint employer, those assertions are unsupported by the allegations and contradicted by the very materials on which the Complaint relies. The Complaint alleges observation,

mentorship, instruction, and networking opportunities – not the performance of work.  Likewise, Plaintiffs do not allege facts demonstrating that Maestra exercised the type of control necessary to establish a joint employment relationship.  Instead, Plaintiffs rely on conclusory assertions that Maestra, MUSE, and Wicked jointly created, controlled, and funded the MD Experience.

Third, Plaintiffs' NYSHRL and NYCHRL claims against Maestra fail because Plaintiffs do not plausibly allege that Maestra is an "employment agency" as a matter of law.  The Complaint contains no factual allegations that Maestra recruited employees for employers, referred applicants to jobs, placed individuals in positions, or otherwise undertook to procure employees or opportunities to work.  Instead, Plaintiffs simply recite the statutory definition and conclude that Maestra qualifies as an "employment agency."  Accepting Plaintiffs' theory would expand the definition of an employment agency to encompass virtually any organization that provides mentorship, networking, or professional-development opportunities.  Plainly, that is not the law.  Accordingly, Plaintiffs' Complaint against Maestra should be dismissed with prejudice.

## STATEMENT OF FACTS[1]

Lynch, a white male, is a composer and musician in the tri-state area.  (Compl. ¶ 11.) Maestra is a Manhattan-based nonprofit that maintains a professional directory for musicians in the theater industry.  (*Id.* ¶ 7.)  Lynch alleges that, in June 2023, Maestra announced it was "teaming up" with MUSE and Wicked to sponsor the MD Experience.  (*Id.* ¶ 14.)

The MD Experience was a "three-week intensive" geared towards "aspiring music directors looking to make a big leap in their MD journeys."  (*Id.* ¶ 15.)  This "shadow[ing] engagement" would allow the selected participant to observe Wicked casting rehearsals and performances, study one of the keyboard books from the show, and obtain "practical playing and

---

[1] Maestra accepts the facts alleged in the Complaint as true solely for purposes of this motion.

conducting experience by working with the Music Director one-on-one." (*Id.*) Plaintiffs further characterize the MD Experience as a "shadowing engagement" and "pipeline program" intended to provide participants with exposure to the work of a Broadway music director. (*Id.* ¶ 74.)

Plaintiffs allege that the MD Experience was advertised as being available to Maestra and MUSE directory members. (*Id.* ¶¶ 16-22.) Plaintiffs further allege that Lynch created a profile through Maestra's website and was assigned a profile link. (*Id.* ¶ 25.) Lynch used that profile to submit a "complete and timely application" for the MD Experience. (*Id.* ¶ 28.) According to the Complaint, Lynch's profile was created but was not publicly searchable unless and until it was reviewed and approved by Maestra. (*Id.* ¶ 25.) Several days after submitting his application, Lynch received an e-mail indicating that his profile application had been denied. (*Id.* ¶ 29.)

Plaintiffs allege that, in August 2023, a participant was selected for the MD Experience and that the participant later credited the program with helping advance their professional career. (*Id.* ¶¶ 32-34.) Plaintiffs further allege that Lynch currently maintains an active profile in Maestra's RISE Theatre Directory. (*Id.* ¶ 37.) Based on these allegations, Plaintiffs contend that the MD Experience constituted a covered employment opportunity or internship, that Maestra acted as a joint employer, and that Maestra and MUSE functioned as employment agencies within the meaning of the NYSHRL and NYCHRL. (*Id.* ¶¶ 43-76, 88-103.)

## ARGUMENT

### A.    The Motion To Dismiss Standard

To survive a motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Thus, "[w]here a

3

complaint pleads facts that are merely consistent with defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief, and must be dismissed." *Id.* (citing *Twombly*, 550 U.S. at 557). While a plaintiff need not plead a *prima facie* case at the pleading stage, the plaintiff must allege sufficient facts that would allow the Court, in substance, to infer the elements of a *prima facie* case. *See Acosta v. City of N.Y*, No. 11 Civ. 856, 2012 WL 1506954, at *5 (S.D.N.Y. April 26, 2012).

**B.      Plaintiffs' § 1981 Claims Fail Because The MD Experience Did Not Create A Contractual Relationship**

To state a claim for failure to hire under Section 1981, a plaintiff must plausibly allege "that (1) he is a member of a protected class, (2) he was qualified for the job for which he applied, (3) he was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination." *Perelman v. Fed. Reserve Dist. Bank of N.Y*, 2026 WL 1584729, at *4 (S.D.N.Y. June 3, 2026) (internal citations omitted). Section 1981 "outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment." *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 410 (S.D.N.Y. 2014) (citations omitted). "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). "Any claim brought under § 1981, therefore, must initially identify an impaired contractual relationship, under which the plaintiff has rights." *Id.* (citation omitted).

Here, the Complaint fails to allege a plausible contractual relationship between Lynch and Maestra.  Indeed, Plaintiffs admit that the MD Experience is a short-term educational and mentorship program for "aspiring music directors looking to make a big leap."  (Compl. ¶ 15.) The three-week program provided a modest weekly stipend while the participant observed rehearsals and performances, studied the score, and received one-on-one instruction and practical conducting experience from Wicked's Music Director.  (*Id.*)  Far from participating in the production, the selected participant would serve in a shadowing capacity, obtaining exposure to the responsibilities of a Broadway music director.  The Complaint thus depicts the MD Experience as a shadowing and professional-development program focused on observation, mentorship, and skill-building for emerging artists, rather than a position created to perform productive work for any of the Defendants, let alone Maestra.  "In substance [the MD Experience] was not a contract for services between an employer and employee."  *Hollander v. Sears, Roebuck & Co.*, 450 F. Supp. 496, 504-05 (D. Conn. 1978).

Furthermore, there must be "sufficient remuneration" for an employment or prospective employment relationship to exist.  *See Lee v. Yang*, No. 21 Civ. 7934, 2023 WL 419193, at *2 (S.D.N.Y. Jan. 26, 2023).  "This remuneration need not be a salary, but must consist of substantial benefits not merely incidental to the activity performed."  *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 442 (S.D.N.Y. 2018) (quoting *United States v. City of N.Y.*, 359 F.3d 83, 91-92 (2d Cir. 2004).  The "weekly stipend" identified in the Complaint is insufficient to be considered remuneration.  *Id.* at 443 (finding that compensation in the form of transportation reimbursement, hair and makeup, and boosting of career prospects "fall short of the minimum level of significance or substantiality required to establish employee status in the absence of a salary"); *see also Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387,

395-96 (S.D.N.Y. 2019) (free drinks and tickets to comedy shows and the opportunity to showcase work to casting directors held to be too insubstantial to qualify as remuneration); *see also Pastor v. P'ship for Children's Rights*, No. 10 Civ. 5167, 2012 WL 4503415, at *2 (E.D.N.Y. Sept. 27, 2013) (holding reimbursement for legal education courses was not a substantial job-related benefit that would give rise to an employment relationship), *aff'd*, 538 F.App'x 119 (2d Cir. 2013). Accordingly, Plaintiffs fail to plausibly allege the existence of a contractual relationship, and their Section 1981 claim fails as a matter of law.

**C.      Plaintiffs' Discrimination Claims Under
The NYSHRL And NYCHRL Must Be Dismissed**

Plaintiffs' NYSHRL and NYCHRL claims fail because they do not plausibly allege that: (1) the MD Experience constituted an employment relationship or an internship; (2) Maestra is a joint employer or single employer; (3) Maestra is employment agency; and (4) the advertisement for the MD Experience was an unlawful advertisement or publication.

1.      The MD Experience Does Not Constitute
An Employment Opportunity Or An Internship

Plaintiffs admit that the MD Experience was a short-term educational and mentorship program, not an employment opportunity. (*See supra* 5-6.) While the NYSHRL and NYCHRL extend protection to certain non-employees, including interns, the Complaint does not (and cannot) plausibly allege that the MD Experience was an internship. Although the NYCHRL does not define the term "intern," *see* N.Y.C. Admin. Code § 8-107, the NYSHRL defines an intern as a person who "performs work for an employer for the purpose of training." N.Y. Exec. Law § 296-c(1). The Complaint contains no allegation that the individual selected for the MD Experience performed work, assumed job responsibilities, or otherwise labored for Maestra. On the contrary, Plaintiffs allege that the participant would observe rehearsals and performances, study the musical score, observe the production process, and receive one-on-one instruction and

6

practical conducting experience from Wicked's Music Director.  (Compl. ¶ 15.)  Plaintiffs further describe the program as  a "shadowing engagement," for aspiring music directors.  (*Id.* ¶¶ 15, 74.)  These allegations depict an individual who was present to observe how a Broadway music department operates, learn from experienced professionals, and gain exposure to the responsibilities of a music director – not to perform work on Maestra's behalf.  Because the Complaint alleges observation, instruction, and mentorship rather than the performance of work for an employer, it fails to plausibly allege that the MD Experience was a covered employment or non-employment opportunity under the NYSHRL and NYCHRL and their claims must fail.

 2. Maestra Is Not A Joint Employer With Respect To The MD Experience

Under the NYSHRL and NYCHRL, an employer will not be considered a joint employer unless a plaintiff demonstrates that the putative joint employer had "immediate control over the company's employees."  *See Brankov v. Hazzard*, 142 A.D.3d 445, 445-46, 36 N.Y.S.3d 133, 134 (1st Dep't 2016).  While a plaintiff is not limited to claims against a formal employer, liability may extend to another entity only where the plaintiff plausibly alleges a joint-employment relationship.  *See Haynes v. Exec. Chamber for Off. of Governor*, No. 23 Civ. 08051, 2025 WL 935100, at *5 (S.D.N.Y. Mar. 27, 2025) (quoting *Felder v. U.S. Tennis Ass'n*, 27 F. 4th 834, 838 (2d Cir. 2022)).  Under that standard, an employer cannot be found to be a joint employer unless "there is sufficient evidence that the defendant had immediate control over the other company's employees, and particular the defendant's control over the employee in setting the terms and conditions of the employee's work." *Brankov*, 142 A.D.3d at 446, 36 N.Y.S. 3d at 134; *Britton v. Bronx Parent Hous. Network, Inc.*, No. 21 Civ. 7079, 2022 WL 4332735, at *3 (S.D.N.Y. Sept. 19, 2022) (The joint employer "doctrine can impose liability on a joint employer where an employee who is formally employed by one entity has been assigned to work in circumstances that justify the conclusion that the employee is at the same time

7

constructively employed by another entity."). As the court opined in *Brankov*, "[r]elevant factors in this exercise include commonality of hiring, firing, discipline, pay insurance, records and supervision." 142 A.D.3d at 446, 36 N.Y.S. 3d at 134. And, "the extent of the employer's right to control the means and manner of the worker's performance is the most important factor." *Id*.

Plaintiff's NYSHRL and NYCHRL claims against Maestra fail because Maestra was not a joint employer of the participant in the MD Experience. Most significantly, there are no allegations that Maestra controlled the means and manner of the participant's activities in the MD Experience. In support of their claim that Maestra is a joint employer, Plaintiffs lodge conclusory, unsupported allegations that: (1) Maestra, MUSE, and Wicked "teamed up to create the job, select the winner, and pay that person;" (2) the entities "jointly created the paid [MD] Experience position, set its terms, and selected the individual;" and (3) Maestra refused to consider him equally for the MD Experience based on his sex. (Compl. ¶¶ 45, 63, 64.)

First, Plaintiffs mischaracterize the webpage they rely upon in support of their assertion that Lynch was rejected from the Maestra directory "for being male." (*Id.* ¶ 29.) Although Plaintiffs falsely alleges that the registration page "instructed musicians to register only if they were female or non-binary musicians working in the theater," the screenshot contains no such directive. (*Id.* ¶ 24.)

Second, Plaintiffs mischaracterize the MD Experience announcement. While they repeatedly characterize the opportunity as a "job" jointly created and controlled by Maestra, the announcement describes a short-term educational program for aspiring music directors centered on attending rehearsals and performances, studying the musical score, and receiving instruction from Wicked's Music Director. (*Id.* ¶ 15.) The announcement never suggests that Maestra would supervise participants, direct their day-to-day activities, evaluate their performance,

8

maintain employment records, administer payroll, or otherwise exercise the type of control relevant to the joint-employer inquiry.

Once these mischaracterizations are disregarded, Plaintiffs' allegations are insufficient to establish a joint-employment relationship. "Conclusory . . . assertions about the degree of control exercised between two entities do not satisfy the pleading standards" under *Twombly* and *Iqbal*. *Britton*, 2022 WL 4332735, at *3; *see also Chavannes v. Bronx Parent Hous. Network, Inc.*, No. 21 Civ. 5060, 2022 WL 4124762, at 4 (S.D.N.Y. Sept. 9, 2022); *see also Haynes*, 2025 WL 935100, at *5 (quoting *Felder*, 27 F. 4th at 838). Here, Plaintiffs do not allege any facts that Maestra hired, fired, trained, supervised, disciplined, evaluated, compensated, or otherwise controlled the individual who participated in the MD Experience. Rather, Plaintiffs allege ""in conclusory fashion, that the three defendants jointly selected that individual. (Compl. ¶¶ 32, 45, 63.) Such bare assertions are insufficient to plausibly allege that Maestra was a joint employer under either the NYSHRL or NYCHRL. As Maestra is not a joint employer, Plaintiffs' discrimination claims must fail.

### 3. Defendants Are Not A Single Employer With Respect To The MD Experience

To the extent Plaintiffs contend that Maestra is a single employer with MUSE or Wicked, that argument also fails. It is well-settled that courts review the following four factors to determine whether entities are a single employer for purposes of the NYSHRL and NYCHRL: (1) interrelations of operations; (ii) centralized control of labor relations; (iii) common management; and (iv) common ownership or financial control. *Han v. Kuni's Corp.*, No 19 Civ. 6265, 2020 WL 2614726, at *8 (S.D.N.Y. May 22, 2020) (holding that the same four-factor single employer test applies to NYSHRL and NYCHRL claims). "Although no one factor controls the analysis, the second, centralized control of labor relations, is the most significant."

9

Here, Plaintiffs allege that: (1) Defendants "team[ed] up to create the job; and (2) MUSE is a "sister organization" to Maestra.  (Compl. ¶¶ 14, 45, 69).  These threadbare allegations are insufficient to allege a single employer relationship.  *See Taylor v. Bronx Parent Hous. Network*, No. 21 Civ. 4890, 2023 WL 3996620, at *4 (S.D.N.Y. June 14, 2023) (holding allegations that defendants shared operations, personnel functions, computer systems, supervision, funding, and management, and that one entity exercised control through funding and oversight did "not contain facts sufficient to plead a single integrated enterprise."); *see also McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 61 (finding allegations that "Fox Corp. makes hiring and firing decisions for Fox News and controls the discipline, pay, insurance, records, and supervision of Fox News" are conclusory).  Accordingly, Plaintiffs cannot pursue claims against Maestra under a single employer theory.

### 4.    The MD Experience Advertisement Was Lawful

The MD Experience advertisement was not unlawful.  Plaintiffs' discrimination claims rest on a mischaracterization of both the MD Experience advertisement and the Maestra directory registration page.  Plaintiffs contend that the advertisement unlawfully limited the opportunity to Maestra and MUSE directory members and therefore expressed an intent to discriminate based on sex.  (Compl. ¶ 76.)

Plaintiffs' own allegations do not support that conclusion.  For example, Plaintiffs admit that Lynch successfully created a Maestra profile and was assigned a profile link.  (*Id.* ¶ 25.) They further concede that Lynch used that profile to submit a "complete and timely application" to the MD Experience.  (*Id.* ¶ 28.)  At most, the Complaint alleges that Maestra reviewed profile submissions before making them publicly searchable.  Indeed, Lynch alleges that his profile was created and assigned a profile link but was not publicly listed unless and until it was reviewed

10

and approved by Maestra.  (*Id.* ¶¶ 25, 29-30.)  Thus, the Complaint describes an individualized review process, not a prohibition on registration.

These allegations demonstrate that being female or nonbinary was not a prerequisite to creating a Maestra profile and participating in the MD Experience.  Plaintiffs cannot plausibly allege that the mere reference to Maestra directory membership in the advertisement expressed a categorical sex-based limitation.  Rather, the Complaint establishes that Lynch was able to create a profile and submit an application notwithstanding his sex, undermining Plaintiffs' contention that the advertisement itself was discriminatory.

### 5.    Maestra Is Not An Employment Agency

Both the NYSHRL and NYCHRL define an "employment agency" as "any person undertaking to procure employees or opportunities to work."  N.Y. Exec. Law § 292; N.Y.C. Admin. Code § 8-102.  As discussed above, however, the MD Experience was neither an employment opportunity nor an internship.  (*See supra* Section B; Section C(1).)  Rather, it was an educational shadowing engagement through which participants observed rehearsals and performances, attended programming, and received professional-development opportunities.  (Compl. ¶ 15.) Plaintiffs therefore fail to identify any "opportunities to work" for which Maestra allegedly sought to procure employees.

Nor do Plaintiffs allege any facts showing that Maestra performed the functions of an employment agency, such as recruiting candidates for employers, referring applicants to available positions, or placing individuals in jobs.  Instead, Plaintiffs merely assert in conclusory fashion that Maestra "undertake[s] to procure opportunities for musicians to work in the New York theater industry."  (Compl. ¶ 66 (quoting N.Y. Exec. L. § 292(2)).)  This allegation simply parrots the statutory definition without any factual allegations.  Absent facts showing that Maestra undertook to procure employees or employment opportunities, Plaintiffs have failed to

11

plausibly allege that Maestra is an employment agency under either the NYSHRL or NYCHRL. *Stoner v. Young Concert Artists, Inc.*, No. 11 Civ. 7279, 2012 WL 4471602, at \*7 (S.D.N.Y. Sept. 26, 2012) ("Plaintiff's conclusory allegation that Defendant is an employment agency for the purposes of these statutes is part and parcel of the formulaic recitation of the elements of a cause of action that will not do") (quoting *Twombly*, 550 U.S. at 555)), *aff'd in part, vacated in part, remanded in part*, 626 F.App'x 293 (2d Cir. 2015).

Plaintiffs' theory would impermissibly expand the definition of an "employment agency" to encompass virtually any organization that helps individuals develop professional connections or advance their careers. However, "merely providing users with access to employment opportunities" does not transform a directory or other networking agency into an employment agency. *See Gundogdu v. LinkedIn Corp.*, No. 23 Civ. 12706, 2024 WL 1597781, at \*2 (11th Cir. Apr. 12, 2024) ("Merely providing users with access to employment opportunities was not a significant degree of engagement in employment-related activities"). Accordingly, the NYSHRL and NYCHRL should be dismissed as a matter of law.

### D. Lynch's Discrimination Claims Under The New York Civil Rights Law Must Be Dismissed

Lynch contends that "Maestra [] [is] liable under the Civil Rights Law, §40-c, for the same reasons [it is] liable under the" NYSHRL. (Compl. ¶ 83.) Lynch's claim under the New York Civil Rights Law ("NYCRL") fail because it cannot stand alone in the absence of viable claims under the NYSHRL and NYCHRL. *See Brandenburg v. Greek Orthodox Archdiocese of N. Am.*, No. 20 Civ. 3809, 2021 WL 2206486, at \*45 (S.D.N.Y. June 1, 2021) (claims under the NYCRL "rise[] or fall[] in tandem" with the NYSHRL and NYCHRL "and need not be analyzed independently"); *see also Padmanabhan v. N.Y Inst. of Tech. Campus*, No. 18 Civ. 5284, 2019

12

WL 4572194, at *5 (S.D.N.Y. Sept. 20, 2019) ("The NYCLR § 40-c is analyzed together with the" NYSHRL).  Accordingly, the NYCRL claim fails.

## CONCLUSION

For the foregoing reasons, Maestra respectfully requests that this Court grant Maestra's motion to dismiss, enter judgment for Maestra, and that Maestra be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 30, 2026

DAVIS WRIGHT TREMAINE LLP


By:    /s/Roy P. Salins
          Roy P. Salins
          Matteo Taraborrelli
       1251 Avenue of the Americas, 42nd Floor
       New York, New York 10020
       roysalins@dwt.com
       matteotaraborrelli@dwt.com
       (212) 489-8230
       Attorneys for Defendant Maestra Music, Inc.

13

## Certification of Compliance with Word Count

I hereby certify that the foregoing Memorandum of Law in Support of Defendant Maestra Music, Inc.'s Motion to Dismiss Plaintiff's Complaint complies with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The Memorandum of Law contains 3,744 words as calculated by the word processing system used to prepare the document, excluding the case caption, table of contents, table of authorities, and signature block.

Dated:  New York, New York
        July 30, 2026

DAVIS WRIGHT TREMAINE LLP


By:    /s/Roy P. Salins
        Roy P. Salins
        Matteo Taraborrelli
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
roysalins@dwt.com
matteotaraborrelli@dwt.com
(212) 489-8230
Attorneys for Defendant Maestra Music, Inc.