# EXHIBIT A

Consovoy McCarthy PLLC

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

August 17, 2025

Acting Director Nieto
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

**Investigation Request: Unlawful Discrimination by MUSE, Maestra, and Wicked.**

Dear Acting Director Nieto,

Kevin Lynch asks the EEOC to investigate Maestra Music, Inc.; Musicians United for Social Equity (MUSE); and Wicked LLC for discriminating in employment programs, employment directories, and advertisements. Maestra, MUSE, and Wicked discriminated against Lynch when they advertised and refused to hire him for Wicked's 2023 Music Director Experience because of his race and sex. And Maestra and MUSE continue to discriminate because they won't let Lynch join their race- and sex-based employment directories. The EEOC should investigate Maestra, MUSE, and Wicked or issue a Commissioner's charge.[1]

## I. MUSE and Maestra run employment directories that explicitly discriminate based on race and sex.

Muse is a New York–based nonprofit that offers internships, networking opportunities, and jobs for "historically marginalized people of color." *Mission Statement*, Muse (archived August 15, 2025), perma.cc/LC2Q-9NMQ. As part of that programming, MUSE runs the "MUSE Job Board," which connects hundreds of aspiring artists with potential employers. *Become a Member*, Muse (archived August 15, 2025), perma.cc/3UT3-KMMZ.

Maestra is another New York–based nonprofit. It runs several programs that are for "women and nonbinary people." *Homepage*, Maestra (archived August 15, 2025), perma.cc/84YD-L966. One of those programs is the "Maestra Directory," which helps "female [and] nonbinary" musicians find jobs "in musical theater or opera." *Get Involved*, Maestra (archived August 15, 2025), perma.cc/XB93-3HGS. Maestra also runs the "RISE Theatre" program, which provides "a national career platform" for theatre professionals to get jobs. *Sign in to RISE*, RISE (archived August 15, 2025), perma.cc/SN6Y-C7LE (link embedded in

[1] Lynch raised these allegations in a *pro se* charge filed with the New York Division of Human Rights on July 11, 2023, which the state agency dual filed with the EEOC. Ex.H. After Lynch retained counsel in August 2025 and the New York Division of Human Rights transferred his charge, the EEOC instructed Lynch's lawyers that he could file a new attorney-drafted charge. Ex.J. This is that charge.

"What is RISE?"); *accord RISE Theatre Directory*, RISE (archived August 15, 2025), perma.cc/75J7-LHT2.

MUSE and Maestra's job boards discriminate. To "become a member" of MUSE—and get jobs through its employee directory—applicants must be "person[s] of color." *Become a Member*, *supra* (cleaned up). And when employers view MUSE members, they can filter by "racial identity," thus allowing them to exclusively view applicants who are "Black," "Hispanic," "Asian," or "Native American." *Directory*, Muse (archived August 15, 2025), perma.cc/V43A-PXCZ (cleaned up).

Maestra's employment directory works in a similar way. The company's main job board—the "Maestra Directory"—is open only to "female [and] nonbinary" applicants. *Get Involved*, *supra*. And Maestra's other job board—the RISE directory—is "intentionally designed" for "underrepresented" theatre professionals, thus preferencing "people of color, women, trans, [and] nonbinary" jobseekers over everyone else. *Sign in to RISE*, *supra*; *RISE Theatre Directory*, *supra*. Both directories let employers screen out applicants by race and sex. Ex.E (RISE); *Directory*, Maestra (archived Aug. 15, 2025), perma.cc/HP3M-LQQW (Maestra).

## II. MUSE and Maestra partnered with Wicked to hire employees based on race and sex.

In 2023, MUSE and Maestra "team[ed] up" with "Wicked the Musical" to launch the "Music Director (MD) Experience"—a three-week paid position for "aspiring music directors." Ex.A. Only MUSE and Maestra directory members could apply. On the first page of Wicked's application, the company said the Experience was being offered "exclusively to … MUSE and MAESTRA Directory members." Ex.B. A Maestra advertisement made the same point. Ex.A. And so did an article by Broadway News, which confirmed that the Experience was "open exclusively to … MUSE and MAESTRA directory members." *'Wicked' Teams Up with Nonprofits MUSE and MAESTRA for 'Music Director Experience,'* Broadway News (June 28, 2023), perma.cc/3VXV-VDAR.

Lynch tried to apply to the Experience, submitting his application on June 28, 2023—well before the July 10 deadline. Ex.D; Ex.B. Lynch met all the objective nondiscriminatory requirements. He was a strong candidate. And he even tried to join MUSE and Maestra's directories by creating profiles on both of those platforms. But his efforts failed. Maestra quickly removed Lynch from its platform because his "application did not indicate that [his] profile belong[ed] in the Maestra community"—meaning he was not female or nonbinary. Ex.D. And MUSE never approved Lynch's profile.

Wicked rejected Lynch from the Experience on July 21, 2023. The person selected for the Experience was a member of MUSE and Maestra, a racial minority, and a female who uses "they/them" pronouns. Even though the Experience said that "[s]ome [music-director] experience is necessary to be considered," Ex.B, the person who won had little to no such experience.

Lynch's injuries continue to this day. Lynch still wants to join MUSE and Maestra's directories. He is able and ready to apply for them. *Gratz v. Bollinger*, 539 U.S. 244, 260-62 (2003). He still sincerely wants to apply. And he still meets all of the non-discriminatory requirements. But because he is a white male, he is categorically barred. Lynch is a member of the RISE directory; but because of its race-based design and filtering, he has been deprived of the job opportunities that others get from the platform.

## III. MUSE, Maestra, and Wicked's discrimination violates Title VII.

MUSE, Maestra, and Wicked violated Title VII in three main ways. All three organizations didn't hire Lynch because of his race and sex. Two of those organizations—MUSE and Maestra—refuse to refer Lynch for employment because of his race and sex. And the same organizations publish ads that discriminate based on race and sex.

**1.** To start, MUSE, Maestra, and Wicked's 2023 Musical Director Experience violated Title VII's ban on race and sex discrimination. Title VII makes it illegal "to fail or refuse to hire" any individual because of his race or sex, thus barring "employer[s]" from "limit[ing]" or "classify[ing]" job applicants on the basis of race or sex. 42 U.S.C. §2000e-2(a)(1)-(2). Wicked is an "employer." §2000e(b). MUSE and Maestra are "agent[s]" of Wicked. *Id.*; *Hansen v. Town of Irondequoit*, 896 F. Supp. 110, 115 (W.D.N.Y. 1995). And all three "refuse[d] to hire" Lynch because he wasn't a MUSE or Maestra member—a race- and sex-based classification that categorically banned white men. 42 U.S.C. §2000e-2(a)(1)-(2).

**2.** MUSE and Maestra's employment directories violated (and continue to violate) Title VII because they are open to some races and sexes but not others. Under Title VII, it's unlawful for an "employment agency" to discriminate against anyone because of their race or sex. §2000e-2(b). MUSE and Maestra are employment agencies because their platforms—the MUSE Directory, the Maestra Directory, and the RISE Directory—procure employees for employers. §2000e(c). They are violating Title VII because their platforms were, and are, open only to women, people of color, and nonbinary people (or strongly preference those people). §2000e-2(b). They are also violating Title VII because their platforms let employers search for applicants by race or sex, thereby "discriminat[ing]" against anyone who is screened out because of those characteristics. §2000e-2(b). Those Title VII violations injured Lynch because he couldn't join the MUSE and Maestra Directory—and he couldn't use the RISE directory on a nondiscriminatory basis. Ex.E. And those injuries continue to this day, because Lynch remains able and ready to join those directories and participate on equal footing once a court orders MUSE and Maestra to stop discriminating. *Gratz*, 539 U.S. at 260-62.

**3.** MUSE, Maestra, and Wicked's discriminatory advertisements are also unlawful. 42 U.S.C. §2000e-3(b). When they sponsored the Experience, MUSE, Maestra, and Wicked published a notice that the Experience was "open exclusively to … MUSE and MAESTRA Directory members"—a category that includes only women, people of color, and nonbinary people. Ex.B. MUSE and Maestra published another discriminatory notice, stressing in "a joint statement" that they "will host" the Experience "to foster … a pipeline for people of color, women and nonbinary musicians." *'Wicked' Teams Up*, *supra*.

Those ads remain live. MUSE and Maestra still openly claim that their directories are for women, people of color, and non-binary people alone, Ex.F; Ex.G—clear "notice[s]" that "indicat[e]" a preference "based on race [and] sex." §2000e-3(b). And all three directories (RISE included) let employers click a button to screen out certain demographics. Ex.E; *Muse Directory*, *supra*; *Maestra Directory*, *supra*. Those discriminatory advertisements directly harm Lynch by discouraging him from applying or by skewing the applicant pool in a way that hurts his chances. *See Ragin v. Harry Macklowe Real Est. Co.*, 6 F.3d 898, 904 (2d Cir. 1993).

*

The EEOC should investigate these Title VII violations. The Commissioners could also issue a charge and direct the EEOC to investigate MUSE, Maestra, and Wicked. "Any person or organization may request the issuance of a Commissioner charge for an inquiry." 29 C.F.R. §1601.6(a). And "[a]ny member of the Commission may file a charge with the Commission." §1601.11(a). A charge is proper here.

Thank you for your consideration.

Sincerely,

Thomas R. McCarthy
Cameron T. Norris
R. Gabriel Anderson
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
cam@consovoymccarthy.com

*Attorneys for Kevin Lynch*

Cc: The Honorable Andrea R. Lucas, Acting Chair
Andrew Rogers, Acting General Counsel
Kalpana Kotagal, Commissioner

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

# NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

01/20/2026

**To:** Musicians United for Social Equity
MUSE, c/o Arts Ignite 333 W 39th Street, Suite 804
New York, NY 10018, UNITED STATES OF AMERICA

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Kevin Lynch under: Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on Race, Sex, and involve issues of Hiring, Terms/Conditions, Other Issue Not Listed Above that are alleged to have occurred on or about 11/04/2024.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 520-2026-02750
3. Enter this password: ZJsqF4K0

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to NEWYACT@EEOC.GOV.

**Preservation of Records Requirement When a Charge has Been Filed**

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see https://www.eeoc.gov/employers/recordkeeping-requirements.

**Non-Retaliation Requirements**

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

**Legal Representation**

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

**U.S. Equal Employment Opportunity Commission**

# FEDERAL INVESTIGATION: REQUEST FOR POSITION STATEMENT AND SUPPORTING DOCUMENTARY EVIDENCE

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration.

We recommend you review the EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

## Fact-Based Position Statement

This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and their representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

## Signed by an Authorized Representative

The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

## Segregate Confidential Information into Separately Designated Attachments

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party's medical information
b. Social Security Numbers
c. Confidential commercial or financial information
d. Trade secrets information
e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
f. Any reference to charges filed against the Respondent by other charging parties

**Requests for an Extension**

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

**Upload the Position Statement and Attachments into the Respondent Portal**

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted,

you will not be able to retract it via the Portal.

**U.S. Equal Employment Opportunity Commission**
**New York District Office**
33 Whitehall St 5th Floor
New York, NY 10004
(929) 506-5270

Dear Small Business Manager:

The Equal Employment Opportunity Commission (EEOC) is the federal agency with primary responsibility for enforcing our nation's equal employment opportunity (EEO) laws. The laws we enforce prohibit job discrimination based on race, color, religion, sex (including on the basis of pregnancy, transgender status, or sexual orientation), pregnancy (including pregnancy accommodations), national origin, age (40 or older), disability, retaliation and genetic information.

The attached Fact Sheet provides an overview of the EEOC's procedures from the time a charge of employment discrimination is filed to the point that it is resolved.

We encourage you to visit our online Small Business Resource Center, which provides a wealth of information designed to help small businesses. We offer tips and short videos on key employment topics including what to do when you receive a charge of discrimination.

In most cases, as our first step in processing a charge, we offer mediation as a neutral, voluntary and confidential way to achieve a mutually satisfactory resolution for all parties. Seventy-five percent of charges that are mediated are successfully resolved. In an independent study, 96% of employers who tried the EEOC's mediation program said they would use it again if the need arose.

In addition to the EEOC representative identified on the Notice of Charge of Discrimination, each of our district offices has a Small Business Liaison to provide technical assistance and help employers resolve questions about the laws we enforce, our mediation program, and the charge process. You can find the names and contact information of our Small Business Liaisons on our web site.

We encourage you to contact the Small Business Liaison in your area to answer any questions you may have and assure you that any inquiry or request for information will not adversely affect the investigation of the charge that has been filed.

Sincerely,

U.S. Equal Employment Opportunity Commission

***Find the Answers at EEOC's Small Business Resource Center***

The EEOC's Small Business Resource Center | U.S. Equal Employment Opportunity Commission (eeoc.gov) (http://www.eeoc.gov/employers/small-business) is filled with useful information for small businesses and can connect you with EEOC staff in your area who can help you.

- *Have a question? Need training for your staff or one-on-one assistance?*

  To request information about the EEOC, training on federal employment discrimination laws or an explanation of the charge process, contact your local EEOC Small Business Liaison. We are here to help.

- *Want quick information online?*

  The EEOC's Small Business Liaisons have created videos with the small business owner in mind and the simple straightforward information that you need most. For example, you may need to know what questions you shouldn't ask in a job interview, and other tips for the hiring process.

  Also see our Frequently Asked Questions.

- *Need an employment policy or practical tips on preventing job discrimination?*

  See 10 Quick Tips for Small Business.

- *Need to know more about EEOC's charge process?*

  We have a video on Responding to a Charge of Discrimination.

- *What is mediation?*

  The EEOC's mediation program offers a free, voluntary, confidential and informal resolution process for many charges of discrimination. Mediations are conducted by a neutral mediator. If mediation is successful, there is no investigation.

- *Want information about a specific topic?*

  Our Resources page explains the types of employment discrimination covered by the EEOC's laws as well as the legal requirements you need to know.

  We can also direct you to other federal agencies for information on issues such as minimum wage and overtime pay or family and medical leave. The Resources page gives a link to small business assistance from the SBA and provides information on the Small Business Regulatory Enforcement Fairness Act (SBREFA), which allows small businesses to comment on federal agency enforcement actions to the SBA Ombudsman.

You can order our Publications online free of charge or print them for use. You can also order the EEOC's poster, "EEO Is The Law," here.

**For more information and assistance call the EEOC toll-free at 1-800-669-4000 or use our sign language access line at 1-844-234-5122 (ASL Video Phone and Hard of Hearing callers only.)**