JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017-4030
(212) 545-4000 Main
(212) 972-3213 Fax
jacksonlewis.com

November 13, 2026

**Via ECF**
Hon. Denise Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: American Alliance for Equal Rights et al v. Maestra Music, Inc. et al.**
**Civ. Act. No. 1:26-cv-4645 (DLC)**

Dear Judge Cote:

We represent Defendant Arts Ignite Inc. ("Arts Ignite") in the above-referenced matter. We write jointly with Defendant Maestra Music, Inc. ("Maestra") to respectfully request the parties appear at a conference before Your Honor at your earliest availability or, in the alternative, Your Honor issue a protective order temporarily precluding a response to a subpoena issued by Plaintiffs upon Wicked LLC until this Court issues a ruling on the pending motions to dismiss.

As Your Honor is aware, all defendants in this action moved to dismiss the claims in Plaintiffs' Amended Complaint in their entirety and with prejudice. Only recently, Arts Ignite and Maestra fully briefed their motions on November 4, 2026 for this Court's consideration. Wicked LLC initially commenced a motion to dismiss Plaintiffs' Amended Complaint but, before submitting a reply brief, stipulated with Plaintiffs on October 27, 2026 to have claims voluntarily dismissed against them. Arts Ignite and Maestra were unaware of Wicked LLC and Plaintiffs' intention to file this stipulation until it appeared on the docket.

Immediately after the stipulation was filed with this Court, Plaintiffs informed Arts Ignite and Maestra on the very same day that they were serving a subpoena *duces tecum* upon Wicked LLC with a response deadline of November 26, 2026. Arts Ignite and Maestra requested Plaintiffs withdraw the subpoena for the time being, as it is premature when the parties have not even had an initial pretrial conference with the Court to discuss discovery due to the pending motions to dismiss. Plaintiffs confirmed that the subpoena was already served, but refused to withdraw it while intimating they may "in the (unlikely) event" intend to "submit or reference any of the documents to the Court" to improperly supplement their Amended Complaint and Opposition to the motions to dismiss.

JacksonLewis



At this stage, Plaintiffs' issuance of a subpoena is procedurally improper. While an initial pretrial conference was originally scheduled for August 6, 2026, this Court adjourned it *sine die* upon becoming aware that all Defendants intended to move to dismiss this action. (Dkt. No. 51). A *sine die* adjournment of this conference should also be viewed as a stay of discovery. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080(PAE)(KHP), 2022 U.S. Dist. LEXIS 102899 (S.D.N.Y. June 6, 2022) (concluding that a *sine die* request to adjourn a Rule 16 conference was tantamount to a stay of discovery); *Wellington v. The City of NY*, No. 1:24-cv-08743(JLR), 2025 U.S. Dist. LEXIS 189545, at *5 (S.D.N.Y. Sept. 24, 2025) (staying discovery in conjunction with a *sine die* adjournment of the Rule 16 conference); *Oliver v. New York State Police*, No. 1:15-CV-0444(BKS/DJS), 2021 U.S. Dist. LEXIS 263858, at **8-9 (N.D.N.Y. Jan. 26, 2021) ("In cases where a motion to dismiss is file prior to the scheduling of a Rule 16 conference, this court will often adjourn the scheduling conference until the motion has been decided, especially where there is a possibility that the motion will dispose of the entire case. As the discovery process is keyed into the Rule 16 initial conference . . . that adjournment does have the practical effect of staying discovery") (citations omitted).

As discovery has been stayed in this action, Arts Ignite and Maestra believe Plaintiffs' subpoena upon Wicked LLC is procedurally inappropriate and premature, especially given that this case may be entirely disposed with prejudice through motion practice. In the unlikely event Plaintiffs' claims survive both motions to dismiss, only then will the parties have the initial conference in which the Court can set discovery and issue any required confidentiality protective order to address Plaintiffs' subpoena. Plaintiffs should not be proceeding into the discovery phase of this litigation without these procedural prerequisites in place.

Arts Ignite and Maestra are prepared to further discuss this matter with Your Honor at a conference if necessary. Otherwise, we respectfully request Your Honor issue an Order that Plaintiffs' subpoena already served upon Wicked be withdrawn, at the very least temporarily, until the Court sets a discovery schedule (to the extent Plaintiffs in any way survive the pending motions to dismiss). Thank you in advance for your attention on this matter.

Respectfully submitted,

/s/ Ryan C. Chapoteau
Ryan C. Chapoteau, Esq.

cc: Counsel of Record (via ECF)